UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

S&S MACHINERY CORP.,

      Plaintiff,

 -against-

WUHAN HEAVY DUTY MACHINE TOOL
GROUP CO., LTD.,

      Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

07-CV-4909 (NGG) (RER)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 21 2012 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

  On November 26, 2007, S&S Machinery Corp., a New York corporation, filed a Complaint against Wuhan Heavy Duty Machine Tool Group Co., Ltd ("Wuhan"), a Chinese corporate entity. (Compl. (Docket Entry # 1) ¶¶ 1-2.) S&S Machinery alleges in its Complaint that it and Wuhan are parties to an Agency Agreement and that Wuhan breached that Agency Agreement (Id. ¶¶ 7-10); S&S Machinery alleges the case is properly before this court under diversity jurisdiction (Id. ¶ 3). After Wuhan defaulted, S&S Machinery moved for a default judgment (Mot. for Default J. (Docket Entry # 33)); the court referred that motion to Magistrate Judge Ramon E. Reyes, Jr., for a Report and Recommendation ("R&R") (Order Referring Mot. (July 12, 2011 Docket Entry)). Judge Reyes has now issued his R&R. (Docket Entry # 40.)

  Upon due consideration, the court ADOPTS the R&R as set forth below, and accordingly GRANTS S&S Machinery's motion for default judgment.

## I. PROCEDURAL HISTORY

### A. Service of Process, Notice to Wuhan, and Default

After filing suit, S&S Machinery attempted to serve Wuhan through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention"). The United States of America's Central Authority for Hague Convention Service transmitted the Complaint and Summons for this case to the People's Republic of China's Central Authority, which received the service documents on March 31, 2008. (Hamilton Aff. (Docket Entry # 5) at 1.) China's Central Authority did not provide proof of service to S&S Machinery Corp. (Shernoff Decl. (Docket Entry # 8) ¶ 4.) However, Judge Reyes held that S&S Machinery had perfected service under Hague Convention Article 15 by April 1, 2009. (Apr. 1, 2009 Order (Docket Entry # 15) at 2.)

Wuhan did not file an Answer or pre-Answer motion, despite evidence on the record that Wuhan was aware of the pendency of the lawsuit, e.g., a November facsimile letter from a Wuhan employee to an S&S employee expressing surprise at the receipt of the lawsuit (Mar. 27, 2009 Shernoff Ltr. Ex A. (Docket Entry # 13-1) at 1), and a report from S&S's counsel that United States-based counsel for Wuhan had contacted and engaged in abortive settlement negotiations with him after Wuhan became aware of the lawsuit (Shernoff Decl. ¶ 4). As Wuhan did not file a response of any sort, the Clerk of Court entered a notation of default against Wuhan pursuant to Federal Rule of Civil Procedure 55(a) on April 3, 2009.

### B. Wuhan's Informal Communication with the Court and the Court's Response

On April 21, 2009, the court received an April 16, 2009, letter signed with only the Wuhan corporate name that purported to object to the court's jurisdiction on the basis of an arbitration clause contained in a Sales Agreement (executed after the Agency Agreement) between S&S

2

Machinery and Wuhan. (June 4, 2009 Order (Docket Entry # 16) at Ex. pgs. 1-2.) The court advised Wuhan in a written order that Wuhan was required to file an appearance in the action and make a motion to vacate the entry of default and then would be able to raise jurisdictional arguments. (Id. at 1.) The court set a deadline of June 30, 2009 for Wuhan to act. (Id.)

Wuhan did none of the things the court instructed it to do. Instead, it wrote another letter to the court—also signed only with the Wuhan corporate name—attempting to raise the same jurisdictional challenge (Ltr. Contesting Jurisdiction (Docket Entry # 17) at 1), and filed a purported copy of an arbitral award it received against S&S Machinery regarding S&S Machinery's breach of the Sales Agreement, which Wuhan claimed precluded the court from considering S&S Machinery's claims in the instant case. (Arbitral Award (Jan. 11, 2010 Docket Entry)). After receiving these two documents, the court issued another order. (Jan. 15, 2010 Order (Docket Entry #18).) In that order, the court expressed concern that Wuhan had not received the court's earlier order that had explained how Wuhan should respond to the notice of default. (Id. at 1.) Therefore, the court granted Wuhan additional time to make an appearance in this case and move to vacate the default, setting a new deadline of February 26, 2010. (Id. at 2.) The court also ordered S&S Machinery to serve a copy of that order and the previous order on Wuhan and to file proof of service by January 29, 2010. (Id.) S&S Machinery served the court's orders on Wuhan on February 4, 2010. (Certificate of Service (Docket Entry # 20.) Because S&S Machinery had served the orders after the court instructed it to, the court granted Wuhan additional time to enter an appearance and move to vacate the default, setting a new deadline of March 19, 2010. (Feb. 5, 2010 (Docket Entry # 21) at 1.) The court directed S&S Machinery to serve this order on Wuhan by February 10, 2010 and file proof of service with the court. (Id. at 2.)

3

S&S Machinery did so within the time set by the court. (Certificate of Service (Docket Entry # 23)).

Wuhan never entered an appearance or moved to vacate the default. S&S Machinery moved for a judgment of default on July 8, 2011; at the order of Judge Reyes, it included in its briefing an analysis of the court's jurisdiction over Wuhan and the effect of the arbitral award on its claims in this case. (Mem. in Supp. of Mot. for Default J. (Docket Entry # 34) at 9-12.) Judge Reyes issued an R&R recommending that this court grant the default judgment and award damages in the amount of $391,454.53, plus pre-judgment interest at a rate of $96.52 per diem from December 31, 2000, to the date of the entry of judgment, plus post-judgment interest to be calculated by the Clerk of Court. (R&R at 22.)

Judge Reyes ordered S&S Machinery to serve a copy of the R&R both by mail and according to the Hague Convention. (Docket Entry # 40.) S&S Machinery served a copy by mail but has not yet served the R&R according to the Hague Convention process. (Certificate of Service (Docket Entry # 41).) Wuhan has attempted to object to the R&R with a statement of objections signed by one Luan Jinqing—but without entering a notice of appearance or identifying Luan's relationship to Wuhan or whether he is an attorney (let alone whether he is a member of the bar of the United States District Court for the Eastern District of New York or seeking permission to appear pro hac vice). (See Objection (Docket Entry # 42) at 6.) In response, S&S Machinery has argued that the court should overrule Wuhan's objections and relieve S&S Machinery of the obligation to serve the R&R according to the Hague Convention. (S&S Letter (Docket Entry # 43).)

## II. LEGAL STANDARDS

When a magistrate judge has issued an R&R and that R&R has been served on the parties, a party has fourteen days to object to the report. Fed. R. Civ. P. 72(b)(2). Once a district court has received timely objections to an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review of a magistrate judge's R&R, an objecting party "must point out the specific portions of the report and recommendation to which they object." U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-cv-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012) (citation omitted). An R&R to which a party makes no objection is reviewed for clear error. Id.

The federal courts "have long required corporations to appear through a special agent, the licensed attorney." Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). The same rule has been applied to various other synthetic legal entities, such as partnerships. Id. at 1309. Where a court has ordered a corporate entity to appear through counsel, it is "appropriate to enter a default judgment when [the entity] willfully disregard[s] the district court's order." Id. at 1310.

This same principle—that corporate entities can only appear in federal courts through licensed attorneys—also means that the filings of a corporation attempting to act pro se can be disregarded. See, e.g., Grace v. Bank Leumi Tr. Co., 443 F.3d 180, 186 (2d Cir. 2006) (stipulation of discontinuance executed by corporate principal on behalf of corporation void); Batac Dev. Corp. v. B&R Consultants, No. 98-CV-721 (CSH), 2000 WL 307400, at *2 (S.D.N.Y.

5

Mar. 23, 2000) (corporate principal's Rule 60(b) motion on behalf of corporation should be ignored as a nullity); Mullin-Johnson Co. v. Penn. Mut. Life Ins. Co., 9 F. Supp. 175, 175 (N.D. Cal. 1934) (corporation's pro se complaint dismissed).

### III. DISCUSSION

Wuhan has filed purported objections to the R&R. However, those objections were signed by an individual who provided no indication that he is an attorney, let alone a member of the bar of the District Court for the Eastern District of New York. In conformity with the long-standing principle that a corporation may not act pro se in federal courts, the court will treat Wuhan's objections as a nullity, and treated the R&R as not objected to.

Treating the R&R as not objected to, the court reviews it for clear error. The court finds none. The court notes that the R&R gave careful consideration to the issue of personal jurisdiction over Wuhan. (See R&R at 8-10.) The court adopts the R&R's analysis of that issue. The R&R also reviewed the arbitral award that Wuhan referenced in its letters to the court, and concluded that award did not preclude judgment in S&S Machinery's favor on the claims it raised in this litigation. (Id. at 10-11.) Assuming—without holding—that the preclusive effect of an arbitral award can be raised by the court sua sponte, the court adopts the R&R's analysis of the relationship between the arbitral award and the claims in this case. Finally, the R&R carefully considered both Wuhan's liability for breach of contract and the damages for which it should be liable. (Id. at 11-22.) The court adopts the R&R's analysis of these issues and its calculation of the amount of damages.

In light of the evidence of Wuhan's knowledge of the R&R, in the form of its attempted objections, the court sees no reason to require S&S Machinery to serve a copy of the R&R through

6

the Hague Convention process. Accordingly, S&S Machinery is relieved of any obligation to serve the R&R a second time using that process.

## IV. CONCLUSION

For the foregoing reasons, the court ADOPTS the R&R, except for its conclusion that a court may raise the preclusive effect of an arbitral award sua sponate, and GRANTS default judgment in the amount of $391,454.53, plus pre-judgment interest at a rate of $96.52 per diem from December 31, 2000, to the date of the entry of judgment, plus post-judgment interest to be calculated by the Clerk of Court. S&S's request to be relieved of the requirement that it serve a copy of the R&R on Wuhan using the Hague Convention process is GRANTED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      March 20, 2012

NICHOLAS G. GARAUFIS
United States District Judge

7